(No. 3263—

GOODYEAR SERVICE, RETAIL DIVISION OF THE GOODYEAR TIRE & RUBBER COMPANY, INC., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1939.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On June 3, 1935, pursuant to State Purchase Order No. BO 7652, the claimant delivered to respondent at Chicago State Hospital, Dunning, Illinois, two 40x6 notched A. W. R. tractor type casings, of the value of $103.74.

Claimant alleges that a bill for such merchandise was presented to the respondent, but if presented, it was overlooked or mislaid, as the record shows that on September 6, 1935 respondent requested claimant to furnish triplicate invoices covering the merchandise in question. However, such invoices were not received until after the lapse of the appropriation out of which the same were payable. At the time the purchase order was issued, and at the time the merchandise

was received by the respondent, there remained in the appropriate fund a sufficient unexpended balance to pay for the same.

We have repeatedly held that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable value of such materials or supplies will be made, where, at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State,* 9 C. C. R. 526; *Goodyear Tire & Rubber Co.* vs. *State,* No. 3155, decided at the March Term, 1938, of this court; *Metropolitan Electrical Supply Co.* vs. *State,* No. 3270, decided at the September Term, 1938, of this court.

This case comes within the rule above set forth, and award is therefore entered in favor of the claimant for the sum of $103.74.